IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LIBERTY AND PROSPERITY 1776, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JON CORZINE, et al., <br><br> Defendants. | Civil No. 08-2642 (JBS) |

### SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel at the scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on August 13, 2008; and the Court noting that counsel for all parties appeared.

IT IS this **14th** day of **August, 2008,** hereby **ORDERED**:

1. Counsel shall make FED. R. CIV. P. 26(a) disclosures on or before **September 15, 2008.**

2. By **September 15, 2008,** plaintiffs shall serve defendants with a settlement demand.

3. Initial written discovery requests shall be served by **September 30, 2008.** Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

4. The time within which to seek amendments to the pleadings or to add new parties will expire on **January 5, 2009.**

5. Discovery of the State defendants is stayed pending the resolution of their dispositive motion. However, they shall serve their Fed. R. Civ. P. 26 disclosures.

6. Pretrial factual discovery is hereby extended to **February 13, 2009.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. CIV. R. 37.1(a)(1) shall be made before the expiration of pretrial factual discovery.

7. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

8. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendants no later than **March 13, 2009**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiffs no later than **April 17, 2009**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **June 1, 2009**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

9. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **July 1, 2009**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1(c), (d) and (e), 56.1 and 78.1 (Motion Practice - Generally).

10. It will be necessary for counsel to cooperate in preparing the form Joint Final Pretrial Order. The instructions for preparing the Order can be found on the website at PACER.NJD.USCourts.gov, under Forms (Pretrial Orders). The Joint Final Pretrial Order (**original and two copies for the court, with sufficient copies for all counsel**), as signed by all counsel, shall be delivered to me **three (3) days before** the conference on **October 15, 2009 at 2:00 p.m.** The plaintiffs' portion of the proposed order shall be prepared and sent to defense counsel no later than **October 14, 2009**. Defendants' portion of the proposed order shall be prepared and returned to counsel for plaintiff no later than **October 29, 2009**. **FAILURE TO APPEAR AT THIS CONFERENCE WILL LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING COSTS.**

LEAD TRIAL COUNSEL FOR ALL PARTIES SHALL APPEAR AT THE FINAL PRETRIAL CONFERENCE AND SHALL BE PREPARED TO DISCUSS SETTLEMENT OF THE CASE.

11. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge