IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LIBERTY AND PROSPERITY 1776,
INC., et al.,

                 Plaintiffs,

    v.

JON CORZINE, et al.,

                 Defendants.

HON. JEROME B. SIMANDLE

Civil No. 08-2642 (JBS)

**MEMORANDUM OPINION**

       This matter is before the Court on Defendants Corzine and Milgram's motion to dismiss or for a more definite statement, and the motion to dismiss filed by Defendant Township of Middle, et al. [Docket Items 55 & 57].  THE COURT FINDS AS FOLLOWS:

       1.  The amended complaint does not provide adequate factual allegations with respect to the relationship between Save Our State NJ, Inc. ("SOS") and Defendants needed for this Court to properly assess Defendants' claims of qualified immunity on the basis of government speech doctrine.  Thomas v. Independence Tp., 463 F.3d 285, 289 (3d Cir. 2006) (holding that when a lack of factual specificity in a complaint prevents the defendant from framing a fact-specific qualified immunity defense, the appropriate remedy is the granting of a defense motion for a more definite statement).

       2.  In order for this Court to resolve Defendants' claims of qualified immunity, it is necessary that Plaintiffs clarify their factual allegations with regard to: (1) whether and to what

extent defendants controlled the content of the expressive
activity of SOS and (2) the purpose for the creation of SOS.

3.   The amended complaint also fails to state, in more than
legal boilerplate, those specific facts about the conduct of each
defendant giving rise to liability.  <u>Bell Atl. Corp. v. Twombly</u>,
550 U.S. 544, 555 (2007); Fed. R. Civ. P. 11(b)(3).  Allegations
parroting the legal requirements of liability, such as that a
defendant "personally participated in" unconstitutional conduct,
are insufficient; the complaint must state the nature of that
participation.  <u>Twombly</u>, 550 U.S. at 555.

4.   Defendants' motion for a more definite statement is
therefore GRANTED.  Plaintiffs have fourteen days (14) to file an
amended complaint consistent with this opinion.

5.   To prevent the recurring ambiguity present in the
original complaint and first amended complaint, any paragraph of
the second amended complaint that contains collective reference
to Defendants will be taken to apply to all Defendants.  If
Plaintiffs instead intend to identify only some individuals as
having been involved in particular conduct, they must specify
whom they refer to in each such allegation.  Plaintiffs will be
held to the requirements of Fed. R. Civ. P. 11 in light of the
Court's forewarning about how such ambiguous paragraphs will be
interpreted.

6.   Similarly, any paragraph of the second amended complaint that claims that one or more individuals was involved in unconstitutional conduct and then refers to a list of allegedly unconstitutional actions, (e.g. Am. Compl. ¶¶ 65-74), shall be construed as an allegation that each of the individuals was involved in every action listed.  If the Plaintiffs do not have evidence to support such an allegation, they must instead identify the conduct in which they allege each particular individual engaged.  To the extent that Plaintiffs cannot be more specific for lack of evidence, Plaintiffs are permitted to plead more specific facts that "will <u>likely</u> have a evidentiary support after a reasonable opportunity for further investigation and discovery."  Fed. R. Civ. P. 11(b)(3) (emphasis added).

The accompanying Order is entered.

**October 19, 2009**                                           **s/ Jerome B. Simandle**
Date                                                          JEROME B. SIMANDLE
                                                             United States District Judge